UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TEDDY ALBERT ALLMAN                                                                PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:12CV-P124-H

PATRICK H. KESSINGER *et al.*                                      DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Teddy Albert Allman, a prisoner proceeding *in forma pauperis*, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). He also filed a supplementary statement of his claims (DN 6). This matter is before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

In his complaint Plaintiff names Patrick H. Kessinger, an Assistant Unit Administrator with the Kentucky State Reformatory (KSR), and Cookie Crews, the Warden of KSR,[1] as Defendants in this action. He brings this action against Defendants in both their individual and official capacities. As relief, Plaintiff asks for monetary damages, punitive damages, that the Court "Prosecute State officials for violating federal misconduct laws," and injunctive relief. He states that he seeks injunctive relief in the form of "a full scale federal investigation of All Kentucky D.O.C. Administrative activities that involve the useage and or misuseage of certain prison regulations or practices in a retaliatory motive against prison inmates like myself . . .."

A review of the complaint, supplement, and attachments to each reveals that Plaintiff was housed at KSR for a number of years before being transferred to Northpoint Training Center

---

[1] The Court notes that Cookie Crews is no longer the Warden at KSR.

(NTC) on or about July 21, 2011.  Plaintiff contends that his transfer to NTC was in retaliation for filing grievances while at KSR.  Plaintiff states that his grievances have been "truthful and correct as the exercise of [his] first Amendment Right to petition the government for the redress of [his] grievances."  He believes that an attempt to "chill [his] first amendment rights has been perpitrated against [him] over and over again as cruel or unusual punishment and violating [his] right of due process."  Plaintiff states that he suffers from back pain, a type of degenerative heart failure, and chronic lymphocytic leukemia, a condition that he states is presently in remission.  He indicates that he continues to seek proper treatment for all his medical conditions.  He further states that, "I'm petitioning this court for a jury trial to openly address the numerous civil rights violations that have taken place against me in many ways that should not be allowed to be overlooked in the interest of all that is just and right."  According to Plaintiff, Defendants were fully aware of his "past grievance history, [his] rights regarding such under the 1st Amend. and right of due process under the 5th and 14th Amendments chose to allow a retaliatory transfer to take place anyway further violating my constitutional rights."  In his supplement to the complaint, Plaintiff contends that the transfer was initiated by Defendant Kessinger and approved by Defendant Crews and is proof of a violation regarding his First Amendment rights.  He also contends that the "retaliatory transfer" is a violation of his "8th Amendment rights against cruel or unusual punishment" and the Fourteenth Amendment right "of Due Process and the equal protection Clause."

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

2

portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments

and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. LEGAL ANALYSIS

In the present case, Plaintiff contends that Defendants transferred him from KSR to NTC in retaliation for filing grievances regarding his medical care, harassment by prison officers, and failure by prison officials to follow proper grievance procedures. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*

Plaintiff alleges that the protected conduct in which he engaged was filing institutional grievances and complaints. Plaintiff does have a constitutionally protected right to file grievances as long as they are not frivolous. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000); *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996).

Plaintiff alleges that the adverse action taken against him was his transfer to NTC. However, the law is clear that inmates have no constitutional right to be incarcerated in any particular institution or a particular part of an institution unless the state has created a liberty interest in remaining at a particular institution. *Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Meachum v. Fano*, 427 U.S. 215, 223-229 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). This is not the case in

Kentucky where transfer of prisoners is within the discretion of the corrections cabinet.  Ky. Rev. Stat. § 197.065.  Furthermore, the Sixth Circuit has repeatedly held that a prison transfer is generally not a sufficiently adverse action to deter a person of ordinary firmness from engaging in protected conduct.  *Jewell v. Leroux*, 20 F. App'x 375 (6th Cir. 2001) (A transfer to the general population of another prison is not considered sufficiently adverse.); *Geiger v. Prison Realty Trust, Inc.*, 13 F. App'x 313 (6th Cir. 2001) (The prisoner failed to allege that his transfer to another institution prevented or deterred him from continuing to write grievances and file lawsuits.); *Friedman v. Corr. Corp. of Am.*, 11 F. App'x 467 (6th Cir. 2001) (Transfer to another institution that was farther away from those who visited him and did not offer the programs in which he previously participated was not an "adverse action" for purposes of a retaliation claim.); *Goddard v. Ky. Dep't of Corr.*,  No. 99-5348, 99-5971, 2000 WL 191758 (6th Cir. Feb. 7, 2000) (The transfer of an inmate to the general population of another prison is not considered sufficiently adverse.).

In the present case, Plaintiff has failed to allege that the transfer to NTC deterred him from continuing to file grievances or other complaints.  In his complaint he refers to the grievances he has filed since being transferred and attaches copies of some of these grievances.  Having failed to present facts supporting the elements of a retaliation claim, Plaintiff has failed to state a claim upon which relief may be granted, and the action will be dismissed.

The Court notes that it does not construe Plaintiff's complaint and supplement as alleging a separate claim for deliberate indifference to his serious medical needs.  As previously stated, this Court does not have the duty to "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  Although the Court is mindful of the medical

5

grievances attached to Plaintiff's complaint and references he makes to the Eighth Amendment and cruel and unusual punishment, the gravamen of these references appear to be made in support of his retaliation claim.  In his complaint, Plaintiff does not refer to any specific medical care or treatment he has been denied nor does he name any person(s) involved in his medical care or treatment, or lack thereof, as defendants in this action.  Further, from the documents attached to the complaint, it appears that during his incarceration at KSR and NTC Plaintiff has received medical care and continues to receive ongoing medical care and treatment for his medical problems.  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

### IV.  **CONCLUSION**

Having failed to state a claim upon which relief may be granted, the Court will enter a separate Order dismissing this case pursuant to 28 U.S.C. § 1915A.

Date:




cc:     Plaintiff, *pro se*
        Defendants

4412.003

grievances attached to Plaintiff's complaint and references he makes to the Eighth Amendment and cruel and unusual punishment, the gravamen of these references appear to be made in support of his retaliation claim.  In his complaint, Plaintiff does not refer to any specific medical care or treatment he has been denied nor does he name any person(s) involved in his medical care or treatment, or lack thereof, as defendants in this action.  Further, from the documents attached to the complaint, it appears that during his incarceration at KSR and NTC Plaintiff has received medical care and continues to receive ongoing medical care and treatment for his medical problems.  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

### IV.  **CONCLUSION**

Having failed to state a claim upon which relief may be granted, the Court will enter a separate Order dismissing this case pursuant to 28 U.S.C. § 1915A.

Date:



cc:     Plaintiff, *pro se*
        Defendants

4412.003